Parker, C. J.
We are all satisfied that the undertaking, by the deputy sheriff, to procure the registry of the execution and levy, was a personal contract, for the breach of which he may be liable in damages; but it was not a violation of official duty, for which the sheriff is answerable. It was understood to have been so decided in the case of Waterhouse vs. Waite; (4) although the point does not appear, in the report of that case, to be stated as settled.
In the present case, however, it is urged that the officer making the levy is obliged, by law, either to deliver the execution, with the return, to the register, in order that it may be recorded within the time required by law, or to make return of the execution, into the clerk’s office, within such reasonable time as will give the creditor himself opportunity to see to the recording of it.
In the case before us, the execution was returned before the return day, according to the precept, but not until three months had expired after the levy ; and this neglect, it is contended, was an official nonfeasance, for which the defendant is liable. And on this point we have entertained considerable doubt; but, upon the whole, we are satisfied that, as there was no request by the creditor to make an earlier return than the precept directed, as far as the sheriff is concerned, this negligence is not a breach of official duty. The creditor may, and sometimes does, decline having his levy recorded, not intending to take the land in satisfaction ; and this he is at liberty to do. He may also receive satisfaction in money, or otherwise, from the debtor, before the levy is recorded ; or other reasons may exist, to induce him to waive the title which he has acquired under the levy; all which may be unknown to the officer making the levy. So that, in order to fix the sheriff for * the negligence of his deputy, it should ap *189 pear that the creditor had requested the deputy to return the execution into the clerk’s office, or to deliver it to him, which the officer may in such case lawfully do. (a)

Plaintiff nonsuit.

 11 Mass. Rep. 207.

 (¿rucre, if, after the levy had been made upon real estate, and the same had been set off to the creditor in satisfaction of his debt, according to law, it was not the duty of the officer, without any particular request, to make return of his doings, with the execution, in such reasonable time beibre the time limited by law for the recording thereof in the registry of deeds, that the creditor might be able, if he should think it to be expedient, to procure the same to be recorded. So it seems to have been held. — M' Gregor & Al. vs. Brown, 5 Pick. 175; and see Waterhouse vs. Waite, 11 Mass Rep. 907